## PENALTY FOR NON-PAYMENT OF LIQUOR TAX.

Circuit Court of Lorain County.

S. SUSAN v. O. E. HASERODT, AUDITOR, ET AL.*

Decided, April 26, 1911.

*Intoxicating Liquors—Addition of Penalty to Assessment—Can Not be Recovered from One Engaged in the Traffic Without Payment of the Tax.*

---

*Affirmed without opinion, *Haserodt* v. *Susan,* 88 Ohio State, 578.

The penalty of 20 per cent. imposed by Section 6082 upon one who engages in the liquor business without paying an assessment, is applicable to the assessment imposed by that section alone, and not by preceding sections, and such penalty can be recovered back where paid by one who had not paid the assessment and had not refused information to the assessor. Tax laws should be liberally construed.

*G. B. Findley,* for plaintiff in error.
*F. M. Stevens,* contra.

WINCH, J.

Error to common pleas court.

This is an action brought by the plaintiff to recover back the sum of $129.14 paid by him to the county treasurer, under protest, as a penalty on a liquor traffic tax. A jury was waived by agreement of the parties and the case was submitted to the court, resulting in judgment for the defendants.

The facts in the case are all conceded and only a question of law is involved.

Plaintiff started in the liquor traffic on October 8, 1910, without first having paid an assessment as provided by law. On October 21, the county auditor entered on the duplicate against him a liquor assessment in the sum of $620.88, being the proportionate amount due under the law from October 8, 1910, to the end of the assessment year in May, 1911, together with a 20 per cent. penalty thereon amounting to $124.18, and a collection fee or 4 per cent. on both amounts, in all $774.86. The county treasurer immediately demanded payment of this amount, and plaintiff not paying promptly, the treasurer seized and distrained plaintiff's goods and chattels and threatened to sell the same as upon execution and apply the proceeds of such sale to the payment of said assessment.

The next day, October 22, 1910, plaintiff filed an affidavit of discontinuance of the liquor traffic, so-called, which entitled him to a rebate of $420.88 for the unexpired portion of the assessment year, and to save his goods from sale, paid under protest the sum of $353.98, which includes said 20 per cent. penalty amounting to $124.18, the only amount now in dispute.

He claims that there was no authority for the assessment of a 20 per cent. penalty under the law as it now stands.

That before the enactment of the General Code in February, 1910, the plaintiff would have been liable for the penalty in question there seems no question; the point is conceded.

The statutes then existing are found in Bates' R. S. (6th Ed.), Sections 4364-9 to 4364-13 inclusive, originally enacted May 14, 1886 (83 O. L., 157). That law had several sections, the first providing for a tax on the liquor business; the second that the tax shall be a lien and fixing the time for its payment; the third providing for the refunding of part of the tax, if the business is discontinued; the fourth, collection of tax in case of non-payment, and the fifth providing for assessors' returns and certain penalties. The concluding sentence of this section reads as follows:

And if any assessment aforesaid shall not be paid when due, there shall be added a penalty thereto of 20 per centum, which shall be collected therewith.

Manifestly the word "aforesaid" referred to any assessment provided for in the fifth or any preceding section of the act, and it was so held in the case of *Simpson* v. *Serviss,* 3 C. C., 433.

The code commission chopped up these sections into smaller parts and we now find said Section 5 of the original act in General Code 6081 and 6082. General Code 6081 provides that each assessor shall return to the county auditor a statement as to each place within his jurisdiction where the liquor business is conducted, showing the name of the person, corporation or co-partnership engaged therein, signed and verified before the assessor by such person, etc.

General Code 6082 reads:

"If such person, corporation or co-partnership, on demand, refuses or fails to furnish the requisite information for the statement, or to sign or verify it, such fact shall be returned by the assessor, and thereupon the assessment on said business shall be fifteen hundred dollars. If such assessment is not paid when due, there shall be added a penalty thereto of twenty per cent. which shall be collected therewith."

The treasurer claims his 20 per cent. penalty under the last sentence of this section. There is no other section authorizing it. He claims that although this sentence, by the use of the words "such assessment" clearly indicated the assessment of $1,500 in case the trafficker refuses or fails to furnish the requisite information for the assessor's statement, still it must be construed to read, "any assessment in this chapter mentioned," or "any assessment aforesaid" as in the original law.

That such can not be the construction to be put upon the law appears from the fact that in General Code 6076, preceding, a penalty of 50 per cent. is provided in case a railroad company fails to pay assessments on its liquor traffic in buffet or dining cars.

Whether the Legislature intentionally or unintentionally changed the law as to penalties in cases like the one here before us when it enacted the General Code, is immaterial. All laws assessing taxes and assessments are to be strictly construed, and here is a law not only assessing a tax, but providing a penalty for failure to pay it on a specified day, to-wit, the day when the trafficker starts his business—if after the beginning of the assessment year.

Construing this statute, not strictly, in a sense, but literally, according to the ordinary meaning of the words used, the plaintiff was not liable to a penalty on his assessment.

We do not feel required to read into this statute some other meaning than its language intends. If the Legislature has made a mistake in enacting it, and did not intend the consequences necessarily following from the change in wording of the law on this subject, it can easily remedy its mistake and correct the law. Until it does so, we hold that the 20 per cent. penalty can not be assessed in a case of this kind.

Judgment reversed, and the facts of the case being conceded, judgment is rendered for plaintiff in error.

MARVIN, J., and HENRY, J., concur.